UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-909-CCB-SJF |
| BRITTANY MYERS, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint. ECF 1-1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Mayberry alleges that, on October 24, 2022, Unit Team Manager Angle received service of process with respect to another lawsuit filed by Mayberry against him.[1] On October 28, 2022, the Miami Circuit Court ordered him to file a

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts to the extent they are publicly available at https://public.courts.in.gov/mycase/. It appears that Case Nos. 52C01-2208-CT-643 and 52C01-2210-CT-912 are the lawsuits mentioned in the complaint, while Case No. 52C01-2212-CT-1074 represents this case prior to its removal to federal court.

certified prison account statement. On November 11 and on November 16, 2022, Unit Team Manager Myers declined to give Mayberry a certified prison account statement unless he submitted a remittance slip for payment. More specifically, Unit Team Manager Myers stated, "I'm not refusing you, but a remit still needs completed. If you don't have the funds now, it will be taken off your account when you do. Thank you." On November 21, 2022, Unit Team Manager Angle declined to give Mayberry a certified prison account statement in the same manner. Mayberry resolved his need for a certified prison account statement by submitting "a note and an unconventional certification from a case manager."

Mayberry asserts a claim of First Amendment retaliation against Unit Team Manager Angle and Unit Team Manager Myers. To state a claim of First Amendment retaliation, Mayberry must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

> The standard for determining whether an action is sufficiently adverse to constitute retaliation is well established: it must be likely to deter a person of ordinary firmness from continuing to engage in protected activity. This is an objective standard; it does not hinge on the personal experience of the plaintiff. Furthermore, the harsh realities of a prison environment affect our consideration of what actions are sufficiently adverse. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse.

*Holleman v. Zatecky*, 951 F.3d 873, 880–81 (7th Cir. 2020).

The court considers whether Mayberry has plausibly alleged a deprivation that would likely deter a prisoner of ordinary firmness from engaging in First Amendment activity. To start, the prison account statement filed in this case prior to its removal to federal court suggests that inmates are charged ten cents per page for copies, a rate which reflects a relatively minor financial imposition and a reasonable fee for copies.[2] Next, the defendants' purported denial allowed for deferred collection and thus would have allowed Mayberry to obtain a certified copy of his prison account statement and proceed with his lawsuit even if he did not have the necessary funds. Additionally, Mayberry was able to obtain a certified copy of his prison account statement even as he continued to correspond with the unit team managers by simply asking another correctional staff member. It seems unlikely that a prisoner of ordinary firmness would be deterred from filing lawsuits because two staff members insisted on a copying fee for a certified prison account statement when that copying fee was generally reasonable and could be indefinitely deferred and when the functional equivalent could be (or had already been) obtained from another staff member without charge and without any substantial delay. As a result, Mayberry has not plausibly alleged a claim of First Amendment retaliation against Unit Team Manager Angle and Unit Team Manager Myers.

---

[2] The court understands that the loss of small amounts of money might have a more significant impact on prisoners with limited opportunities to earn income. *See Douglas v. Reeves*, 964 F.3d 643, 649 (7th Cir. 2020) ("And we do not minimize the coercive nature of threats to withhold even small sums from prisoners, who are usually paid very little."). The court nevertheless notes the amount of the fee for the purpose of acknowledging that the imposition of smaller fees has less of an adverse or coercive effect than the imposition of large fees.

Consequently, this complaint does not state a claim for which relief can be granted. If Mayberry believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Timothy Marcus Mayberry until **January 6, 2025**, to file an amended complaint; and

(2) CAUTIONS Timothy Marcus Mayberry if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 2, 2024.

s/ Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT

4